UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITIZENS SECURITIES, INC.,<br>    Plaintiff,<br><br>    vs.<br><br>JOHN P. DAVITT, IV,<br>    Defendant. | C.A. No. 2:20-cv-00238-MJH |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION**

AND NOW, this 12 day of March, 2020, upon consideration of Plaintiff Citizens Securities, Inc.'s ("Citizens") Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 6), and it being on the consent of the parties, it is hereby ORDERED that:

  1.  Defendant John P. Davitt, IV, and all persons or entities acting in concert with him, or on his behalf, is hereby restrained and enjoined:

    a. From directly or indirectly soliciting, by mail, phone, personal meeting or in any other manner, the retail securities brokerage, investment advisory or insurance business of any client whose name became known to Mr. Davitt as a direct or indirect result of his employment with Citizens, which restriction, pursuant to Mr. Davitt's employment agreement, shall expire by its terms on January 6, 2021.

    b. From altering, destroying (except as provided in Paragraph 2 below), using, disclosing or transmitting information (except as provided in Paragraph 2 below) obtained from the records of Citizens, including, but not limited to, the names, addresses, and financial information of clients and prospects; and

      c. From intentionally altering any of Mr. Davitt's computer and electronic devices (except as provided in Paragraph 2 below), including desktops, laptops and smart phone or mobile devices or other computers (collectively, "computer and electronic devices") pending further order of this Court and/or an arbitration panel properly constituted by the Financial Industry Regulatory Authority ('FINRA"), or by agreement of the parties.

    2. Mr. Davitt shall immediately cease using and will return, within 24 hours of entry of a temporary restraining order, all original Citizens records and reproductions thereof, whether in paper, electronic, or other form. To the extent that Mr. Davitt has any information regarding Citizens' clients on his computer and electronic devices, or any Citizens records of any sort on his computer and electronic devices, he shall preserve such evidence for use in the case, provide it to his counsel, and then delete it from his computer and electronic devices; and

    3. Mr. Davitt shall fully disclose a list of every Citizens client that he has contacted (by mail, telephone, or otherwise) that became known to him as a direct or indirect result of his employment with Citizens, including the manner in which said client was contacted.

    4. Mr. Davitt represents and warrants that he has conducted a diligent search of his records and is not in possession of any of Plaintiff's records, but if any such records are subsequently discovered, Mr. Davitt shall return to Plaintiff any and all such discovered records, and any copies and/or other reproductions thereof in whatever form, within twenty-four (24) hours of his discovery thereof.

    5.  5. Citizens shall not be obligated to post a bond.

Defendant denies any violation of the employment agreement at issue in this matter, and nothing in this Order shall be deemed an admission of wrongdoing or violation of the terms of the employment agreement between the parties, and nothing in this Order shall be deemed a waiver of any potential applicable defenses by Defendant, either in this Court or before any FINRA arbitration panel.  The parties reserve all rights, claims and defenses with regard to all matters in this action not specifically addressed herein.

| | |
|---|---|
| /s/ *Geoffrey W. Millsom* | /s/ *Trisha R. Hudkins* |
| Geoffrey W. Millsom, Esq. | Trisha R. Hudkins, Esq. |
| Counsel for Plaintiff | Counsel for Defendant |

BY THE COURT:

_____
Hon. Marilyn J. Horan, U.S.D.J
United States District Court for the
Eastern District of Pennsylvania

3

999087.v2